# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER FLAHERTY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LIDESTRI FOODS, INC., et al., | : | No. 17-4006 |
| Defendants. | : | |

## MEMORANDUM

Schiller, J.                                                                                                    November 17, 2017

After he was injured in a workplace accident, Christopher Flaherty sued Cheer Pack North America, LLC, Guala Pack North America, Inc., and Guala Pack, S.p.A., along with LiDestri Foods, Inc., and two employees of Cheer Pack and Guala Pack, asserting negligence claims against each. Flaherty filed this action in the Philadelphia County Court of Common Pleas; Cheer Pack, Guala Pack, Inc., and Guala Pack, S.p.A. removed it to this Court. They each then filed a motion to dismiss for lack of personal jurisdiction. Because Cheer Pack, Guala Pack, Inc., and Guala Pack, S.p.A. (collectively, the "Jurisdictional Defendants") lack sufficient contacts with Pennsylvania to be considered "at home" in the state, the Court lacks personal jurisdiction over them, and therefore grants the motions to dismiss.

## I.   BACKGROUND

The events in question in this case took place entirely in New Jersey. On August 25, 2015, Flaherty was installing food processing equipment at LiDestri Foods' facility in Pennsauken, New Jersey, under a contract between LiDestri and his employer. (Compl. ¶¶ 11, 14.) LiDestri had allegedly contracted with the Jurisdictional Defendants for the purchase and

installation of the equipment. (*Id.* ¶¶ 12–13.) Employees of Cheer Pack and Guala Pack were supervising Flaherty. (*Id.* ¶ 15.)

According to Flaherty, things went awry when he lifted a one-ton piece of food processing equipment using a hydraulic jack. (*Id.* ¶ 22.) Portions of the equipment were raised on dollies. (*Id.* ¶ 23.) Flaherty claims that because of the uneven floor and lack of rigging and shoring, the equipment slipped off the dollies and landed on Flaherty's leg, breaking his tibia and fibula. (*Id.* ¶¶ 27–30.) Flaherty's injuries left him permanently disabled. (*Id.* ¶ 34.)

Flaherty filed this action in the Court of Common Pleas of Philadelphia County and served the Jurisdictional Defendants and LiDestri. The employee Defendants have not yet been served. On September 7, 2017, the Jurisdictional Defendants removed, invoking diversity jurisdiction. LiDestri consented to the removal on October 4, 2017. On September 14, the Jurisdictional Defendants filed the present Motions to Dismiss for lack of personal jurisdiction.

## II. STANDARD OF REVIEW

When a defendant raises a personal jurisdiction defense, the plaintiff must demonstrate facts supporting the exercise of personal jurisdiction. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

## III. DISCUSSION

### A. Personal Jurisdiction

Under the Due Process Clause of the Fourteenth Amendment, courts may exercise personal jurisdiction over out-of-state defendants only in cases where the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). The minimum contacts requirement may be met through either of two theories of personal jurisdiction: specific or general. *E.g. BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). In this case, Flaherty argues only that the Jurisdictional Defendants are subject to general jurisdiction in Pennsylvania.[1]

Courts possess general personal jurisdiction over out-of-state companies only if the companies' "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the state." *Goodyear*, 564 U.S. at 919. Clearly, a company is "at home" in its place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 143 S. Ct. 746, 760 (2014). If, however, a company lacks both of these primary connections with a forum state, there must be "exceptional" circumstances present for the company to be considered "at home" in the state. *Id.* at 761 n.19. The case cited in *Daimler* as such an "exceptional case" involved a foreign corporation whose president temporarily oversaw the company's operations from the forum state. *See generally Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952). While the flow of a defendant's products to a state "may bolster an affiliation germane to *specific*

---

[1] Specific jurisdiction requires, in part, that the plaintiff's claim relate to defendants' activities in the forum state. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Because this is a negligence case where the incident took place in New Jersey, Flaherty cannot and does not argue that specific jurisdiction applies.

3

jurisdiction" in the state, it cannot create such an exceptional case that the defendant is at home for purposes of *general* jurisdiction. *Goodyear*, 564 U.S. at 927; *see also Daimler*, 134 S. Ct. at 760–61 (explaining that to "approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'" would be "unacceptably grasping").

Here, none of the Jurisdictional Defendants is incorporated in or has its principal place of business in Pennsylvania. According to the Complaint, Cheer Pack is an LLC organized under the laws of Delaware and has its principal place of business in Massachusetts; Guala Pack North America, Inc. is a Massachusetts corporation with its principal place of business in Massachusetts; and Guala Pack S.p.A. is an Italian corporation with its principal place of business in Italy. (Compl. ¶¶ 3–5.)

Flaherty contends that based on Defendants' "sheer output of products" in Pennsylvania, they are "comfortably 'at home'" in the state. (Pl.'s Mem. of Law in Opp. to Def. Cheer Pack's Mot. to Dismiss at 8.) In support, he points to evidence that the Jurisdictional Defendants have distributed more than a billion "food pouches" in North America, and suggests that Defendants' products make their way into "tens of thousands of stores throughout Pennsylvania." (*Id.* at 6.)

Flaherty's argument, however, fails under the applicable Supreme Court principles. *Goodyear* makes it clear that the Jurisdictional Defendants' channeling of products into the state does not render them "at home" here, because, as noted above, the flow of products alone cannot be used to establish general jurisdiction. Under Flaherty's argument, these Defendants would be subject to personal jurisdiction in every state in which they distribute a substantial quantity of products—a scenario that has been rejected by the Supreme Court. *See Daimler*, 134 S. Ct. at

762 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them.").

Flaherty also points to a prior lawsuit against Cheer Pack in Pennsylvania and argues that because Cheer Pack was subject to jurisdiction in that case, the Jurisdictional Defendants must also be subject to jurisdiction here. (*See* Pl.'s Supp. Mem. in Opp. to Def. Guala Pack's Mot. to Dismiss). However, Flaherty misses the clear distinction between that case and this one. In that case, "the action expressly involved Defendants' filling equipment" at a facility in Pennsylvania. (*Id.* at 2.) Thus, the case would have involved specific jurisdiction in Pennsylvania, rather than general. *See, e.g.*, *Goodyear*, 564 U.S. at 919 ("[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.") (internal quotation marks removed). Flaherty does not argue that specific jurisdiction applies in this case, so this argument is unhelpful.

Because Flaherty cannot point to any ties between the Jurisdictional Defendants and Pennsylvania other than their products—an insufficient connection to establish general jurisdiction—the Court lacks personal jurisdiction over them.

**B.     Jurisdictional Discovery**

As an alternative to dismissing, Flaherty seeks leave to conduct jurisdictional discovery. Courts allow jurisdictional discovery "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal quotation marks and alterations removed). Flaherty has not alleged any facts that would establish the requisite contacts between the Jurisdictional Defendants and Pennsylvania. Instead, all of the factual allegations he presents center on the Jurisdictional Defendants' output of

products in the state, which, as noted, is insufficient to establish general jurisdiction. Thus, the request for jurisdictional discovery is denied.

## IV.   CONCLUSION

Flaherty has not established a prima facie case that the Jurisdictional Defendants are "at home" in Pennsylvania. Thus, the Court lacks personal jurisdiction over the Jurisdictional Defendants and the motions to dismiss will be granted. An Order consistent with this Memorandum will be docketed separately.